ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024
Telephone: (310) 943-0298
Facsimile: (310) 943-2255

Attorneys for Plaintiff
KRISTIN HOWARTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HOWARTH,<br><br>          Plaintiff,<br><br>     vs.<br><br>EDUCAP, INC., HOLLINS LAW, A PROFESSIONAL CORPORATION, ROBERT A. HARTLEY, and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff Kristin Howarth, formerly known as Kristen Wansten, hereby alleges against defendants Educap, Inc. Hollins Law, A Professional Corporation, Robert A. Hartley, and Does 1 through 10, the following:

## OPERATIVE FACTS

1.      Defendant Educap, Inc. alleges that plaintiff incurred a student loan debt with HSBC Bank USA, N.A., while in the State of Michigan.  Educap alleges it acquired the allegedly defaulted debt. Educap then hired a law firm, defendant Hollins Law, as its agent, to collect on that alleged debt.

2.      Educap sued plaintiff on this alleged debt on November 5, 2013, by filing a lawsuit in California state court, venued in Contra Costa county, and entitled Educap, Inc. v. Wansten, Contra Costa County Superior Court Case No. L13-05938. In November, 2013, plaintiff Kristin Howarth was a resident of Los Angeles county, not Contra Costa county.  The venue for the case was improper and violated the Fair Debt Collection Practices Act.

3.      Defendant Robert A. Hartley, a lawyer at defendant Hollins Law, selected the improper venue, and signed the complaint in Educap, Inc. v. Wansten. He signed and filed a false affidavit of venue, under oath, which stated "This action is filed in in this district because the Defendant Kristen Wansten is an individual who resides at 10944 San Pablo Avenue, Apt. 6, El Cerrito, CA 94530."

4.      Plaintiff hired an attorney to defend against Educap's lawsuit. The attorney called Hollins Law and advised it that he represented plaintiff.  Hollins Law continued to contact plaintiff directly, after learning that she was represented by counsel.

## JURISDICTION AND VENUE

5.      The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district.  In addition, defendants Hollins Law and Educap, Inc. have sufficient contacts in this district to subject them to personal jurisdiction here.

## PARTIES

7.      Plaintiff Kristin Howarth is a California citizen, and a resident of the county of Los Angeles, and is over 18 years of age.

8.      Defendant Hollins Law, A Professional Corporation is a California corporation, and a citizen of California.

9.      Defendant Robert A. Hartley is a resident of Los Angeles County, over 18 years of age, and a citizen of California.

10.     Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

11.     Each of the defendants were the agents and/or employees of each other and were acting in the course and scope of their agency, employment and authority and with the permission and consent of their co-defendants in committing the acts alleged.  The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION

**(By Plaintiff Against All Defendants For Violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq)**

12.     Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

- 3 -
COMPLAINT

13.     Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

14.     Defendants violated 15 U.S.C. § 1692i by bringing an action against plaintiff in a judicial district other than where she signed the contract sued upon, or where she resided at the commencement of the action.

15.     Defendants violated 15 U.S.C. § 1692e by filing a false affidavit of venue in the Contra Costa County Superior Court.

16.     Defendants Hollins Law, Educap and the Doe defendants violated 15 U.S.C. § 1692c(a)(2) by communicating with plaintiff after knowing she was represented by an attorney with respect to the alleged debt.

17.     Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

18.     Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

19.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(By Plaintiff Against All Defendants Except Hartley for Violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.)**

20.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

21.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of

1    credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal

2    Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal

3    Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

4        22.    Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in

5    that he is a natural person from whom defendants sought to collect a "consumer

6    debt" alleged to be due and owing.

7        23.    The defendants sued on this cause of action at all times relevant herein

8    were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they

9    regularly and in the ordinary course of business, on behalf of themselves or others,

10   engage in acts and practices in connection with the collection of "consumer debt".

11       24.    The purported debt defendants attempted to collect from plaintiff is a

12   "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged

13   in acts or practices in connection with the collection of money or property which was

14   alleged to be due and owing, by reason of a consumer credit transaction entered into

15   with plaintiff.

16       25.    Defendants violated Civil Code § 1788.15(b) and Civil Code § 1788.17

17   by suing plaintiff in a county other than the county in which she incurred the

18   consumer debt or the county in which she resided at the time the proceedings were

19   instituted.

20       26.    Defendants violated Civil Code § 1788.17, incorporating by reference

21   15 U.S.C. § 1692e, by filing a false affidavit of venue with the Contra Costa County

22   Superior Court.

23       27.    Defendants violated Civil Code § 1788.17, incorporating by reference

24   15 U.S.C. § 1692c(a)(2), by communicating with plaintiff after learning that she was

25   represented by an attorney.

26       28.    As a proximate result of defendants' violations of the Rosenthal Act,

27   plaintiff has been damaged in amounts which are subject to proof.

28

29.    Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

30.    Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

31.    Plaintiff is entitled to recover her attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.    For actual damages;

2.    For statutory damages;

3.    For pre-judgment interest to the extent permitted by law;

4.    For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

5.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: August 27, 2014                TRUEBLOOD LAW FIRM

Alexander. B. Trueblood

Attorneys for Plaintiff
KRISTIN HOWARTH

- 6 -
COMPLAINT